UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

    Petitioner,                                    Hon. Richard Alan Enslen

v.                                                  Case No. 1:06 mc 50

DONALD A. GRAY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's <u>Petition to Enforce Internal Revenue Service Summons</u>. (Dkt. #1). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the petition be **granted**.

The Internal Revenue Service (IRS) is conducting an investigation into Respondent's tax liability. Pursuant to this investigation the IRS issued to Respondent a summons directing him to appear to testify and produce certain documents. Respondent has refused to comply with this summons, prompting the present action. On March 29, 2006, the Court issued an Order directing Respondent to show cause why he should not be compelled to comply with the summons.

Respondent asserts that the summons must be quashed because the Court lacks jurisdiction. Respondent first asserts that Article I, Section 8 of the United States Constitution deprives this Court of jurisdiction. Article I concerns the power granted to Congress under the Constitution. This particular provision, therefore, is of no relevance regarding the Court's jurisdiction in this matter. Respondent next asserts that this Court lacks jurisdiction pursuant to 40 U.S.C. § 255. This provision

is likewise inapplicable, as it addresses the ability of the federal government to exercise jurisdiction "over land or an interest in land it acquires." *See* 40 U.S.C. §§ 3111, 3112. Finally, Respondent asserts that this Court lacks "territorial jurisdiction" because Respondent does not reside in a location in which the federal government may properly exercise its authority. This argument has been characterized by the Sixth Circuit as "completely without merit and patently frivolous." *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994).

The Court has subject matter jurisdiction in this matter. *See* 26 U.S.C. § 7402. Moreover, because Respondent resides within the Western District of Michigan and, furthermore, because the exercise of personal jurisdiction over Respondent comports with due process, the Court may properly exercise personal jurisdiction over Respondent. *See Theunissen v. Matthews*, 935 F.2d 1454, 1459-60 (6th Cir. 1991); Mich. Comp. Laws § 600.701. Finally, the undersigned finds that Petitioner has complied with all administrative steps required by the Internal Revenue Code for the issuance of a summons. Accordingly, the undersigned recommends that Petitioner's request for relief be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the government's Petition to Enforce Internal Revenue Service Summons, (dkt. #1), be **granted** and that the Court enter an order that Respondent Donald Gray comply in full with the summons presently at issue.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                     Respectfully submitted,

Date:  May 31, 2006            /s/ Ellen S. Carmody
                   ELLEN S. CARMODY
                   United States Magistrate Judge